UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY MIX,

    Plaintiff,

v.                                                                  Case No: 8:14-cv-199-T-36MAP

QUALITY RESOURCES, INC.,

    Defendant.
_____/

## **ORDER**

    This matter comes before the Court upon the Defendant's Motion to Dismiss for Lack of Prosecution and Failure to Obey Discovery Orders (Doc. 28), filed on January 12, 2015. In its motion, Defendant Quality Resources, Inc. ("QRI") requests that this case be dismissed because of Plaintiff's failure to participate in discovery and obey court orders. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss for Lack of Prosecution and Failure to Obey Discovery Orders.

**I.    Background**

    Plaintiff Corey Mix ("Mix") filed this action on January 27, 2014 alleging that QRI, his former employer, discriminated against him based on his race and retaliated against him for participating in protected activity under Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA"). *See* Doc. 1. At the time of filing, Mix was represented by Attorneys William C. Demas and John V. Tucker of the law firm Tucker & Ludin, P.A. *See id.*

    On October 10, 2014 Attorney Demas filed a motion to withdraw as Mix's attorney, and that motion was granted on October 15, 2014. *See* Docs. 19 & 21. Mix was given a thirty-day extension to respond to discovery so that he could find new counsel. Doc. 21.

On December 2, 2014 Defendant filed a motion to compel Mix's discovery responses. *See* Doc. 22. Two days later Attorney Tucker filed a motion to withdraw as Mix's counsel as well. *See* Doc. 23. No response was filed to either motion and on December 22, 2014 both motions were granted. *See* Docs. 24 & 25. In the Order granting the Motion to Compel, Plaintiff was directed to provide responses to Defendant's first set of interrogatories and request for production of documents within fourteen (14) days; to communicate with Defendant to schedule and attend depositions and court-ordered mediation; and to pay reasonable costs and attorneys' fees incurred by Defendant in filing its motion to compel. *See* Doc. 24.

On January 5, 2015 the Court issued an Order directing the parties to advise as to the status of mediation, which was supposed to be held on December 14, 2014. *See* Doc. 26. A copy of the January 5th Order was sent to Mix by U.S. Mail but was returned as undeliverable. Defendant filed a response to that Order indicating that mediation had been cancelled because Plaintiff had not responded to attempts to confirm the date. *See* Doc. 27.

The instant motion to dismiss states that Defendant's counsel has been unable to contact Mix via e-mail, telephone or U.S. Mail, despite numerous attempts since December 22, 2014. Defendant also states that Plaintiff has not responded to discovery requests or cooperated in scheduling depositions or mediation, despite being ordered to do so. Accordingly, Defendant has moved to dismiss this action for lack of prosecution. Plaintiff has not responded to the motion.

II.   **Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

"Rule 41(b) recognizes the inherent authority of district courts to involuntarily dismiss a claim . . . for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of court calendars." *See Abrams v. Orange Cnty. Sheriff,* No 6:13-CV-1291-ORL-37, 2014 WL 3057107, *2 (M.D. Fla. July 7, 2014).

**III. Discussion**

The record in this action makes it clear that Mix has abandoned his case. Not only has he failed to cooperate in discovery and obey court orders, he has failed to keep the Court apprised of his current mailing address. Defendant's counsel has made numerous efforts to communicate with Plaintiff via e-mail, telephone and U.S. Mail with no response.

However, "in order to justify dismissal with prejudice as a sanction under Rule 41(b), '[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate.'" *Brutus v. IRS*, 393 Fed. Appx. 682, 684 (11th Cir. 2010) (quoting *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. Fla. 2006)). "This is true because dismissal with prejudice is 'a sanction of last resort, applicable only in extreme circumstances.'" *Id.* (internal citation omitted). While Plaintiff appears to have abandoned his case and has certainly failed to actively participate, given his relatively recent *pro se* status, a dismissal with prejudice is not warranted. Still, Plaintiff cannot be permitted to take up space on the Court's docket and force Defendant to defend a case that he is not interested in pursuing. Accordingly, it is

**ORDERED AND ADJUDGED that**:

1. Defendant's Motion to Dismiss for Lack of Prosecution and Failure to Obey Discovery Orders (Doc. 28) is GRANTED.

2. This action is DISMISSED without prejudice for lack of prosecution.

3. The Clerk shall terminate all pending motions and close this file.

**DONE AND ORDERED** in Tampa, Florida on February 2, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any